IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| KELLY MOOD, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 10-83 |
| | : | |
| ENCORE KITCHEN & BATH | : | |
| DISTRIBUTORS INC. and | : | |
| HORACE G. MILLER, | : | |
| Defendants. | : | |

## MEMORANDUM

**GENE E.K. PRATTER, J.**                                                  **JANUARY 19, 2011**

The parties participated in a settlement conference before United States Magistrate Judge Timothy R. Rice on October 25, 2010, and agreed that the issues in this action were settled. Pursuant to the parties' agreement, this Court issued an October 25, 2010 Order (Docket No. 18) dismissing this action in accordance with Local Rule of Civil Procedure 41.1(b). Eighty-five days later, on January 18, 2011, Ms. Kelly Mood filed the Plaintiff's Motion to Extend Court Jurisdiction, or Alternatively to Vacate its October 25, 2010 Order Pursuant to Local Rule 41.1(b) (Docket No. 21) ("Pl.'s Mot."), requesting that the Court retain jurisdiction over the case, or alternatively, vacate or modify the Court's October 25, 2010 Order so the Court may retain jurisdiction in this matter for an additional 90 days. For the reasons set forth below, the Court grants the Motion to modify the Court's October 25, 2010 Order so as to retain jurisdiction over this matter for 90 days.

## I. DISCUSSION

The Court recognizes that without vacating or modifying the October 25, 2010 Order the Court lacks jurisdiction to enforce the parties' settlement because the dismissal order does not

contain a separate provision retaining jurisdiction over the settlement agreement or incorporate the terms of the agreement into the Order. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994); *Shaffer v. GTE North, Inc.*, 284 F.3d 500, 504 (3rd Cir. 2002). However, Local Rule of Civil Procedure 41.1(b) permits the Court to vacate, modify, or strike a dismissal order pursuant to the Rule for "cause shown" within 90 days of entering such order.[1] Under the Rule, not only is a court's order vacating, modifying or striking an order subject to the 90-day limitation, but also a motion made pursuant to Rule 41.1(b) must be filed within 90 days after entry of that order. *Morris v. Schemanski*, Civil Action No. 07-2147, 2008 WL 2405769, at *2 (E.D. Pa. June 13, 2008) (citing *Sawka*, 989 F.2d at 140; *Avato v. Green Tree Run Condo. Cmty. Ass'n*, No. Civ. A. 97-2868, 1998 WL 196397, at *2 (E.D. Pa. Apr. 22, 1998)). Additionally, Local Rule 41.1(b) requires the movant to sustain the burden of showing why the order of dismissal should be set aside or modified. *Fields v. United States*, Civil Action No. 06-89, 2006 WL 1450524, at *4 (E.D. Pa. May 19, 2006) (citing *Max Control Sys., Inc. v. Indus. Sys., Inc.*, No. Civ. A. 99-cv-2175, 2001 WL 1160760, at *2 (E.D. Pa. July 30, 2001).

Here, the Court finds it appropriate to grant Ms. Mood's Motion pursuant to Local Rule 41.1(b). First, the 90-day limit has not elapsed to preclude the Motion or this Court's action. Ms. Mood filed her Rule 41.1(b) motion to modify or vacate the Court's October 25, 2010 Order

---

[1] The complete text of Local Rule 41.1(b) is as follows : "Whenever in any civil action counsel shall notify the Clerk or the judge to whom the action is assigned that the issues between the parties have been settled, the Clerk shall, upon order of the judge to whom the case is assigned, enter an order dismissing the action with prejudice, without costs, pursuant to the agreement of counsel. Any such order of dismissal may be vacated, modified, or stricken from the record, for cause shown, upon the application of any party served within ninety (90) days of the entry of such order of dismissal." *See also* Fed. R. Civ. P. 60(b); *Sawka v. Healtheast, Inc.*, 989 F.2d 138, 140 (3rd Cir. 1993) (recognizing that courts retain jurisdiction to entertain later motions to vacate or modify dismissal orders under Federal Rule of Civil Procedure 60(b)).

85 days after the issuance of that Order, and this Court is acting prior to the 90-day limit.

Second, there is sufficient cause for the Court to modify its Order to retain jurisdiction in this matter because it appears that the settlement agreement has not been consummated by the parties. *See* Pl.'s Mot. at ¶¶ 9-10. Following the October 25, 2010 settlement conference, the parties worked to finalize the terms of the settlement agreement for the parties' execution, and Ms. Mood eventually executed a final form of the agreement that provided certain dates for Defendants Encore Kitchen & Bath Distributors Inc. and Horace G. Miller to make payments to Ms. Mood. *Id.* at ¶ 10. Subsequent to Ms. Mood's execution of the agreement and after Defendants failed to begin timely periodic payments pursuant to the agreement, defense counsel sent Ms. Mood a letter on January 17, 2011, requesting that she execute a modified agreement that extended the payment deadlines. *Id.* Ms. Mood received that revised agreement the next day, *id.*, and then filed the Motion that is currently before the Court.

Given that a revised agreement is being circulated between the parties, it does not appear that both parties have executed the settlement agreement. The interests of ensuring that the agreement is consummated and enforcing the agreement entered into by the parties on October 25, 2010 provides sufficient cause for the Court to retain jurisdiction over this action. *Thomas v. Cheltenham Sch. Dist.*, No. Civ.A. 97-4344, 2000 WL 1052107, at *1 (E.D. Pa. July 18, 2000) (finding that good cause exists when it appears that one party has not executed the settlement agreement). Moreover, by retaining jurisdiction, the Court will remain available to facilitate the parties' resolution of issues that may be hindering the full execution of the settlement agreement. *See, e.g.*, May 26, 2010 Order (Docket No. 13) (referring this action to Judge Rice for settlement purposes).

## II. CONCLUSION

For the foregoing reasons, the Court grants the Ms. Mood's Motion (Docket No. 21) to modify the Court's October 25, 2010 Order so as to retain jurisdiction over this matter for 90 days. An Order consistent with this Memorandum follows.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
United States District Judge